**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01600-REB-PAC

RANDY YARBROUGH,

    Plaintiff,

v.

DENVER PUBLIC LIBRARY,

    Defendant.

## ORDER CONCERNING DEFENDANT'S THIRD MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **Defendant's Third Motion to Dismiss** [#58], filed July 28, 2005. The plaintiff has filed a response [#67], filed December 12, 2005, and the defendant has filed a reply [#68], filed December 21, 2005. This motion was referred to the magistrate judge in my general order of reference [#6], filed August 12, 2004. In an effort to streamline the resolution of this case, my reference of this motion to the magistrate judge is withdrawn as to the third motion to dismiss only. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. 1331** (federal question).

### II. STANDARD OF REVIEW

The defendant, Denver Public Library, seeks dismissal of this case as a sanction for the plaintiff, Randy Yarbrough's, repeated and continuing failures to comply with the court's orders. In the alternative, the defendant seeks other sanctions against the

plaintiff. Such sanctions may be imposed under FED. R. CIV. P. 37(b)(2)(C) and 41(b). It is within my discretion to dismiss a case as a sanction for a plaintiff's failure to comply with the court's orders, or otherwise to comply with his obligations as a plaintiff in a civil action. **See, e.g., Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992). Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." **Id**.

### III.  FACTS

Yarbrough filed his complaint acting *pro se*, and he continues to act *pro se* in this case. Yarbrough asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. Yarbrough alleges that his former employer, the Denver Public Library, discriminated against him based on his race.

In its motion to dismiss, the defendant has outlined the history of its efforts to obtain discovery from Yarbrough in this case. Many of the facts described by the defendant also are reflected in the court's record of this case. Other facts described by the defendant are not specifically reflected in the court's record. For example, the defendant describes some of Yarbrough's responses to interrogatories as incomplete or incomprehensible. Absent specific reference to those responses, I cannot determine if those responses are incomplete or incomprehensible. However, independent of an evaluation of the adequacy of Yarbrough's responses to certain interrogatories, I conclude that Yarbrough's failure to cooperate in discovery, and his failure to comply with the court's orders, necessitates the dismissal of his case.

On November 22, 2004, the defendant served interrogatories and requests for production of documents on Yarbrough. Yarbrough did not respond to these discovery requests. Counsel for the defendant notified Yarbrough that his discovery responses were overdue, and told him that the defendant would file a motion to compel responses if Yarbrough did not submit responses by January 14, 2005. The defendant filed a motion to compel [#27] on January 25, 2005. Yarbrough did not respond to this motion. After a hearing held on February 23, 2005, Magistrate Judge Coan granted the motion to compel and ordered Yarbrough to respond to the defendant's discovery requests by March 9, 2005. *Courtroom minutes* [#33], filed February 23, 2005.

On March 10, 2005, one day after the response deadline set by the court, Yarbrough submitted responses to interrogatories to the defendant, but failed to provide any written response to the defendant's request for production of documents. The defendant says Yarbrough did provide a stack of about seven documents, but gave no indication which documents were intended to be responsive to each of the defendant's requests for production. In addition, the lack of a written response to the requests for production left the defendant to guess whether the plaintiff had withheld any documents based on legal objections. None of the tendered documents was identified, and the identification of some of the documents was not self-evident. Finally, the defendant concluded also that the plaintiff's interrogatory responses were "inadequate, incomplete and/or incomprehensible." *Motion to dismiss*, p. 3.

The defendant filed its second motion to compel on May 24, 2005. A hearing on the motion was set for June 28, 2005. Just prior to the hearing, the parties reached an agreement on the resolution of the motion, and the agreement was read into the record

Case 1:04-cv-01600-REB-PAC   Document 74   Filed 03/09/06   USDC Colorado   Page 4 of 8

and approved by the court. Magistrate Judge Coan ordered Yarbrough to "provide written responses to Requests for Production of Documents by July 20, 2005." *Courtroom Minutes*, [#56], filed June 28, 2005, p. 1. In addition, the court ordered Yarbrough to supplement his responses to interrogatories 7, 12, 13, 14, and 15 through 21 by July 20, 2005. *Id*., p. 2. Magistrate Judge Coan also warned the plaintiff as follows: "Plaintiff is admonished to follow the Court's orders and provide all information requested and ordered by July 20, 2005, or the Court will recommend that his case be dismissed." *Id*.

In the course of these events, the defendant filed two motions to dismiss based on Yarbrough's failure to prosecute this case. On July 8, 2005, Magistrate Judge Coan issued a recommendation addressing these motions. She outlined the same history summarized above, and noted that at the June 28, 2005, hearing on the defendant's motion to compel, she told Yarbrough that she would allow him

> <u>one final chance</u> to respond to defendant's discovery. <u>Plaintiff was admonished to follow this court's orders and provide the information requested by defendant on or before July 20, 2005, or he will face a Recommendation by the undersigned that the case be dismissed</u>.

*Recommendation of United States Magistrate Judge* [#57], filed July 8, 2005, p. 2 (emphasis in original). At the time of this recommendation, Yarbrough still had twelve days to take advantage of the final chance Magistrate Judge Coan had given him. On that basis, she recommended that the defendant's two then-pending motions to dismiss be denied. I adopted that recommendation and denied the motions to dismiss.

On July 20, 2005, Yarbrough faxed to the defendant supplemental interrogatory responses. He did not, however, provide written responses to the defendant's requests

for production of documents.  To date, he has not provided written responses to the defendant's requests for production of documents.  His failure to act is directly contrary to Judge Coan's June 28, 2005, order.  More than fifteen months after the defendant first served Yarbrough with its request for production of documents, Yarbrough still has not provided sufficient responses, despite a specific order of this court that he provide such responses.  Yarbrough has squandered the one final chance given to him by Magistrate Judge Coan.

Finally, it should be noted that the current motion to dismiss was filed on July 28, 2005.  On August 5, 2005, Magistrate Judge Coan set a deadline of August 17, 2005, for Yarbrough's response to the motion.  Yarbrough did not seek an extension of time to file a response.  Yarbrough filed a response on December 12, 2005.  His response will be stricken because it was not timely filed.

## IV.  ANALYSIS

Before imposing dismissal as a sanction, a district court must evaluate the following factors on the record: 1) the degree of actual prejudice to the other party; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions.  ***Gripe v. City of Enid, Okl.***, 312 F.3d 1184, 1188 (10th Cir. 2002), citing ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 918 (10th Cir. 1992).  Applying these factors, I conclude that dismissal is an appropriate sanction in this case.

Degree of actual prejudice to the defendant - I find that the defendant has suffered substantial actual prejudice as a result of Yarbrough's intransigence. Yarbrough's unwillingness to provide complete discovery responses has delayed these proceedings significantly, and has required the defendant to file two motions to compel discovery, three separate motions to dismiss, a motion to extend the discovery deadline, and a motion to hold in abeyance or extend the dispositive motion deadline. In addition, the defendant has been required to attend hearings on some of these motions.  Further, the Yarbrough's failure to provide complete discovery responses has impaired the defendant's ability to conduct its other discovery thoroughly.  These circumstances have delayed the resolution of this case, and have caused the defendant to incur significant attorney fees in an effort to obtain a reasonable response from Yarbrough.  Such delay and expense satisfies the first factor. **See, e.g., Erenhaus**, 956 F.2d at 921.

Amount of interference with the judicial process - Yarbrough's willful failure to comply with this court's orders have substantially interfered with the judicial process. Progress toward the resolution of Yarbrough's case has been brought to a standstill by Yarbrough's inexplicable and unexcused failure to provide discovery responses, as ordered by the court.   Yarbrough's disregard of the court's orders concerning discovery is inherently contumacious and has "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." **Mobley v. McCormick**, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting **Jones v. Thompson**, 996 F.2d 261, 265 (10th Cir. 1993)).  This satisfies the second factor.  **Id**.

<u>Yarbrough's cupability</u> - Yarbrough repeatedly has flouted deadlines set by the court, and has failed to comply with a direct order to provide written responses to the defendant's request for production of documents.  Nothing in the record indicates that there is any reason for Yarbrough's non-compliance other that Yarbrough's intentional decision to flout the court's orders.  I find that Yarbrough has intentionally disregarded his obligation to comply with the orders of this court, and his obligation to respond to discovery.  This satisfies the third factor.

<u>Warning that dismissal is a sanction for non-compliance</u> - Magistrate Judge Coan warned Yarbrough that dismissal was the likely sanction if he refused to comply with his discovery obligations and the court's orders.  Magistrate Judge Coan delivered such a warning to Yarbrough in open court, and in writing.  These warnings satisfy the fourth factor.

<u>Efficacy of lesser sanctions</u> - It is highly doubtful that monetary sanctions will be effective in motivating Yarbrough to comply with the court's orders.  Yarbrough filed this case acting *in forma pauperis*.  Nothing in the record indicates that he now has the financial resources to pay any monetary sanction.  Further, Yarbrough has been given ample opportunity to comply with his discovery obligations and the court's orders, ample explanation of what he must do to achieve compliance, and ample warning of the consequences of his non-compliance.  These efforts have been ineffective.  Having reviewed the record, I conclude that it is highly unlikely that any sanction short of dismissal would motivate Yarbrough to comply with his obligations in this case.

Dismissal is an appropriate sanction when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . . ."  **Erenhaus**,

965 F.2d at 916 (quoting **Meade v. Grubbs**, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). In this case, all five of the relevant factors weigh heavily in favor of dismissal as a sanction for Yarbrough's failure to comply with this court's orders and his discovery obligations. The aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That my general order of reference [#6], filed August 12, 2004, is **WITHDRAWN** as to the **Defendant's Third Motion to Dismiss** [#58], filed July 28, 2005;

2. That the plaintiff's response [#67], filed December 12, 2005, is **STRICKEN** as untimely filed;

3. That the **Defendant's Third Motion to Dismiss** [#58], filed July 28, 2005, is **GRANTED**; and

4. That this case is **DISMISSED WITH PREJUDICE**.

Dated March 9, 2006, at Denver, Colorado.

            **BY THE COURT:**

            s/ Robert E. Blackburn
            **Robert E. Blackburn**
            **United States District Judge**