**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 04-cv-01600-REB-PAC

RANDY YARBROUGH,

     Plaintiff,

v.

DENVER PUBLIC LIBRARY,

     Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

**Blackburn, J.**

     This matter is before me on the **Plaintiff's Motion for Reconsideration to Dismiss** [#75], filed March 20, 2006.  The plaintiff asks that I reconsider my order dismissing this case with prejudice [#74], filed March 9, 2006.  The defendant has filed a response [#85], filed April 14, 2006. I deny the motion.

     A motion to reconsider filed within ten (10) days after entry of judgment is to be treated as a Fed.R.Civ.P. 59(e) motion to alter or amend judgment.  **See Servants of the Paraclete v. Doe**, 204 F.3d 1005, 1012 (10th Cir. 2000), (citing **Van Skiver v. U.S.**, 952 F.2d 1241, 1243 (10th Cir. 1991)).  Whether viewed as a motion to alter or amend judgment or a motion to reconsider, however, the same considerations are relevant.  **Johnston v. Cigna Corp.,** 789 F. Supp. 1098, 1101 (D. Colo. 1992), *cert. denied*, 514 U.S. 1082 (1995).  These limited grounds are 1) an intervening change in the controlling law; 2) new evidence previously unavailable; and 3) the need to correct clear error or prevent manifest injustice.  **Servants of the Paraclete**, 204 F.3d at 1012,

(citing **Brumark Corp. v. Samson Resources Corp.**, 57 F.3d 941, 948 (10th Cir. 1995)).  "(A) motion for reconsideration is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete**, 204 F.3d at 1012.  Such a motion may not be used to revisit issues already addressed or to advance arguments that could have been raised in prior briefing.  **Id**., citing  **Van Skiver**, 952 F.2d 1243.

The plaintiff's motion for reconsideration does not demonstrate an arguable basis to conclude that any of these three grounds may exist in this case.  Plaintiff does not cite any intervening change in the controlling law, or any need to correct clear error or prevent manifest injustice.  The plaintiff does claim that he has discovered a new witness with relevant information, but he fails to name the witness, to describe the type of information this witness purportedly can present, or to describe why this witness previously was unavailable.  This claim does not demonstrate the existence of new evidence.

THEREFORE, IT IS ORDERED that the **Plaintiff's Motion for Reconsideration to Dismiss** [#75], filed March 20, 2006, is **DENIED**.

Dated April 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge