**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01600-REB-PAC

RANDY YARBROUGH,

    Plaintiff,

v.

DENVER PUBLIC LIBRARY,

    Defendant.

## ORDER GRANTING MOTION TO REVIEW TAXATION OF COSTS

This matter is before me on the defendant's **Renewed Motion to Review Clerk's Denial of Costs pursuant to** F<small>ED</small>. **R. C**<small>IV</small>. **P. 54(d)(1)** [#93], filed August 21, 2006. The plaintiff has not filed a response. The motion is granted.

Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." F<small>ED</small>. R. C<small>IV</small>. P. 54(d)(1). The type of costs that can be awarded is governed by 28 U.S.C. § 1920. Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case. ***Mikel v. Kerr***, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974). "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." ***Id***. Costs also must be reasonable.

The taxation of costs under § 1920 is within the discretion of the court. ***See, e.g., Serna v. Manzano***, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980). However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. ***Cantrell v. Int'l Brotherhood of Elec. Workers***, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. ***Id.*** "(T)he denial of costs is in the nature of a penalty." ***Serna v. Manzano***, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." ***Klein v. Grynberg***, 44 F.3d 1497, 1507 (10th Cir. 1995); ***see also Aerotech, Inc. v. Estes***, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

In this case, the defendant seeks an award of 33.90 dollars for copies of the underlying EEOC file, and 779.42 dollars for transcripts of the depositions of the plaintiff. I conclude that these items necessarily were obtained for use in this case, and that the amounts sought by the defendant are reasonable.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Renewed Motion to Review Clerk's Denial of Costs pursuant to FED. R. CIV. P. 54(d)(1)** [#93], filed August 21, 2006, is **GRANTED**;

2. That under FED. R. CIV. P. 54(d)(1) the defendant, the Denver Public Library, is **AWARDED** 813.32 dollars in costs;

3. That the plaintiff, Randy Yarbrough, **SHALL PAY** 813.32 dollars to the defendant within ten (10) days of the date of this order;

4.  That the defendant's earlier motion related to costs [#78], filed April 10, 2006, is **DENIED** as moot.

Dated March 5, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**